

**ORDERED in the Southern District of Florida on January 8, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

*In re*:

| | |
|---|---|
| FISHER ISLAND INVESTMENTS, INC., | Case No. 11-17047-AJC |
| Alleged Debtor. | Chapter 11 (Involuntary) |
| _____/ | |

*In re*:

| | |
|---|---|
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Case No. 11-17051-AJC |
| | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |

*In re*:   Case No. 11-17061-AJC

| | |
|---|---|
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |
| FISHER ISLAND INVESTMENTS, INC., MUTUAL BENEFITS OFFSHORE FUND, LTD., and LITTLE REST TWELVE, INC., | Adv Pro. Nos. 13-1835-AJC<br>13-1836-AJC<br>13-1837-AJC |
| Plaintiffs, | |

1

v.

AREAL PLUS GROUP, SOLBY +
WESTBRAE PARTNERS, 19 SHC, CORP.,
601/1700 NBC, LLC, and
THE ABRAMSON LAW GROUP, PLLC,

    Defendants.
_____/

**ORDER GRANTING**
**ALLEGED DEBTORS/PLAINTIFFS' MOTION TO COMPEL**

THIS MATTER came before the Court on August 18, 2014 on the motion of the Alleged Debtors/Plaintiffs, Fisher Island Investments, Inc., Mutual Benefits Offshore Fund, Ltd., and Little Rest Twelve, Inc. ("Alleged Debtors"), seeking an order: (1) overruling the privilege objections of Defendant The Abramson Law Group, PLLC ("Abramson"); (2) compelling the production of documents concerning communications between Abramson and its clients, on the one hand, and the Zeltser Group[1] and its counsel, including Emanuel Zeltser, on the other; and (3) permitting the Alleged Debtors to re-depose Abramson's corporate representative(s) concerning all subject matters on which Abramson refused to respond on the basis of the purported "common interest" privilege (the "Motion").[2]  ECF No. 103.  On December 2, 2014, the Court held a hearing on the Motion after full briefing from all interested parties.

---

[1]    All capitalized terms not otherwise defined shall have the meaning set forth in the Complaint.  As in the underlying Bankruptcy Proceedings, the "Zeltser Group"—or the "Zeltser Alleged Debtors"—refers to the Alleged Debtors as purportedly comprised and owned by Imedinvest Partners and represented principally by Emanuel Zeltser, Esq.  By summary judgment and post-trial judgment, this Court determined that the proper owners in control of the Alleged Debtors were ultimately SP Trustees, Gmbh, and W. Shaun Davis, formerly referred to as the Redmond Group—the Plaintiffs in this proceeding.

[2]    The Alleged Debtors also sought an order compelling Abramson to produce all documents identified in its privilege log that were not sufficiently described to assess the validity

This Adversary Proceeding relates to whether the Defendants wrongfully secured an *ex parte*, $32 million "confession" judgment in New York state court against the Alleged Debtors while the Alleged Debtors were subject to previously filed involuntary bankruptcy proceedings in this Court. The bankruptcy proceedings were initiated by virtually the same Defendants on virtually the same debts sued upon in New York. The adversary complaint requests injunctive relief against the enforcement of that judgment and damages.

During the course of discovery in this Adversary Proceeding, the Alleged Debtors sought discovery from Abramson related to the New York proceeding by deposition and requests for production. Abramson withheld discovery responses relying on the claimed "common interest" privilege between and the Zeltser Group (including its counsel) and Abramson and its clients: Defendants Solby + Westbrae Partners, 19 SHC, Corp., and 601/1700 NBC LLLC (collectively, the "Note Holding Petitioning Creditors") and Areal Plus Group ("Areal"). The common interest privilege is an exception to the general rule that a party waives its attorney-client privilege when it discloses privileged information to third-parties. *See In re Pacif. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). The Court finds that no common interest exists among these parties in this Adversary Proceeding.

As the Court has explained in the past, the common interest privilege applies when clients with separate attorneys share otherwise privileged information in order to coordinate their legal activities. *In re Cutuli*, No. 11-bk-35256, 2013 WL 5236711, at *3 n.2 (Bankr. S.D. Fla. Sept. 16, 2013) (Cristol, J.). As the party asserting the privilege, Abramson was charged with

---

of the privilege asserted, including identifying the sender and recipient of certain correspondence. At the Court's hearing, the parties reported to the Court that they reached an agreement with respect to those documents: Abramson will amend its privilege log to include the required specificity, specifically as to each correspondence, the sender (a person), the recipient (a person), and his/her affiliation, and the basis for the common interest, if any.

demonstrating that the communications among the Zeltser Group and the Note Holding Petitioning Creditors or Areal were made "in the course of a matter of common interest, (2) the communication was designed to further that effort, and (3) the privilege has not otherwise been waived." *In re Kreisel*, 399 B.R. 679, 694 (Bankr. C.D. Calif. 2008).

The common interest must be a *legal* interest. *Infinite Energy, Inc. v. Econnergy Energy Co.*, No. 06-cv-124, 2008 WL 2856719, at *2 (N.D. Fla. July 23, 2008) ("The interest must, therefore, *relate* to litigation for this privilege to apply . . . ." (emphasis in original)); *see also In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990) (recognizing that, parties share a common legal interest where they "share a common interest in litigation [and] should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims").

The Court finds, however, that Abramson failed to meet its burden. No common *legal* interest could have existed in the New York proceeding between the Zeltser Group (who was purporting to then represent the interests of the Alleged Debtors) and the Note Holding Petitioning Creditors, who sought a $32 million "confession" judgment against the Alleged Debtors. The former were purported judgment debtors, the latter, purported judgment creditors; their legal interests in those proceedings were adverse, not common.

Nor could such a common interest exist in the context of a bankruptcy. In bankruptcy, the Alleged Debtors' collective interest was to either avoid bankruptcy altogether or, in the event an order for relief was granted, maximize the value of their estates for the benefit of all creditors, *see Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 573 (3d Cir. 2003) (describing a debtor-in-possession's fiduciary duty to all creditors). In neither scenario could the Note Holding Petitioning Creditors have a common legal interest with the

4

Zeltser Group (again, purporting, to represent the Alleged Debtors). In the first instance, the Note Holding Petitioning Creditors are prosecuting involuntary bankruptcy petitions against the Alleged Debtors. In the other, the Alleged Debtors' duty to maximize the assets in the bankruptcy estate for all creditors would be adverse to the Note Holding Petitioning Creditors' demand for a $32 million judgment in New York to satisfy only their creditor claims.

Furthermore, the Court is not persuaded by Abramson's argument that the "common interest" relates to the Alleged Debtors ownership dispute. Abramson and the Note Holding Petitioning Creditors do not have an interest in the ownership dispute; they could perhaps have a *strategic* interest in as much as were the Zeltser Group to prevail, their path to an order for relief would be easier. But that is not a *legal* interest.[3] In addition, the ownership dispute was not at issue in the New York proceedings, so they cannot have a common *legal* interest as it pertains to that proceeding. *See Infinite Energy*, 2008 WL 2856719, at *2; *In re Grand Jury Subpoenas*, 902 F.2d at 249. As for Areal, its interests can be no greater than the Note Holding Petitioning Creditors, its assignees. Areal has no interest beyond that because it was neither a party to, and thus had no legal claims in, the New York or bankruptcy proceedings.

Even had there been such a common legal interest, the privilege does not provide blanket protection to all communications relating to all issues. *See In re Rivastigmine Patent Litig.*, No. 05-MD-1661, 2005 WL 2319005, at *4 (S.D.N.Y. Sept. 22, 2005) (noting that "the common

---

[3] Indeed, the Petitioning Creditors themselves repeatedly told the Court they had no dog in the ownership fight. *See, e.g.*, Bankr. Ct. Hr'g, *In re Fisher Island Invs., Inc.*, No. 11-bk-17047 (Bankr. S.D. Fla. March 25, 2011), ECF No. 46 at 8:19 – 9:13 (counsel for Petitioning Creditors representing that they would prove their claims regardless of who the owners would be); *see also* Petitioning Creditors' Motion to Withdraw Petitions and Dismiss Involuntary Bankruptcy Case Pursuant to 11 U.S.C. §303(j)(1) at 2, *In re Fisher Island Invs., Inc.*, ECF No. 657 (claims, by the Petitioning Creditors, that the ownership dispute have subsumed their efforts for an order for relief).

interest doctrine would apply, but only insofar as their interests were in fact identical; communications relating to matters as to which they held opposing interests would lose any privilege"). Likewise, adversity of interests in one respect does not negate common interests in others. Certainly, there are shifting alliances in a bankruptcy case, and a common interest can exist in one circumstance yet not another. But unlike the case principally relied on by the Defendants, *Visual Scene, Inc. v. Pilkington Bros., plc.*, 508 So. 2d 437, 443 (Fla. 3d DCA 1987) (holding that a plaintiff and a defendant had a common interest with respect to their claims against other defendants), the Court finds that the *legal* interests of Abramson's clients and the Zeltser Group diverge in all respects. *See Lord Abbett Mun. Income Fund, Inc. v. Asami*, No. C-12-03694, 2013 WL 5609333, at *4 (N.D. Calif. Oct. 11, 2013).

Thus, it is

**ORDERED** as follows:

1. The Motion is GRANTED.

2. Defendant Abramson is ordered to produce all discovery withheld on the basis of its claimed common interest privilege; and

3. Defendant Abramson will make its corporate representative(s) available for oral examination to address matters it claimed were not subject to disclosure based upon its claim of common interest privilege.

###

Submitted by: Patricia Redmond, Esq.
Email: predmond@stearnsweaver.com
Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A.
150 West Flagler Street – Suite 2200, Miami, FL 33130
*Counsel for Alleged Debtors*

(Attorney Redmond shall serve a copy of this Order as provided by Local Rule and file a Certificate of Service)